# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | |
| | ) | No.  13-CR-10007-JTM |
| | ) | |
| AMEL KEVIN LOOP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### UNITED STATE'S MOTION FOR CONTINUED STAY
### AND REVOCATION OF MAGISTRATE'S ORDER OF RELEASE
### (Pursuant to 18 U.S.C. § 3145 (a) and D. Kan. Rule 72.1.4(e))

Comes now Jason W. Hart, Assistant United States Attorney and requests the Court to continue the stay of execution of the magistrate's order of release, and to revoke the order of release, entered by the Honorable Magistrate Judge Kenneth G. Gale on January 9, 2013, in the District of Kansas - Wichita Division, pursuant to 18 U.S.C. § 3145(a) and D. Kan. Rule 72.1.4(e):

1. On December 19, 2012, a criminal complaint (Doc. 1) was filed charging the defendant, Amel Kevin Loop, with one count of Distribution of Child Pornography, pursuant to 18 U.S.C. §2252(a)(2).

2. On January 8, 2013, an indictment (Doc. 7) was returned charging the defendant with one count of Distribution of Child Pornography, pursuant to 18

U.S.C. 2252(a)(2), and one count of Possession of Child Pornography, pursuant to 18 U.S.C. §2252(a)(4).

3. Because these offenses are crimes of violence as well as offenses involving minors, detention is authorized pursuant to 18 U.S.C. §3142(f)(1)(A) and (E). Detention is also authorized pursuant to 18 U.S.C. §3142(f)(2)(A) and (B), as the defendant poses a risk of flight as well as a risk to the community.

4. For Count 1, a rebuttable presumption in favor of detention exists under 18 U.S.C. § 3142(e)(3)(E) that no conditions of release would assure the safety of the community or the defendant's appearance.

5. In the Pre Trial report provided to the Magistrate and attorneys at the first appearance of the defendant, the United States Probation Office recommended detention.

6. On January 9, 2013, a detention hearing was held.  Despite the presumption of detention, the recommendations of the United States, and the probation office that there was no condition or combination of conditions that would reasonably assure either the defendant's appearance in court, or the safety of the community, the defendant was ordered released on a $50,000 unsecured bond with conditions.  The Magistrate Judge stayed execution of the order of release pending the activation of an electronic monitoring device.

7. Motions for review by a district court of a magistrate's order must be filed within 10 days of the entry of the order. D. Kan. Rule 72.1.4(e). The filing of this Motion is thus timely.

8. The district court conducts a de novo review, and makes its own determinations without deference to the magistrate judge's findings. *United States v. Cisneros*, 328 F.3d 610, 616, n. 1 (10th Cir. 2003 ); *See also*, *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D. Kan. 2002) (and cases cited therein). The court is not required to reinitiate all proceedings, but may incorporate the magistrate's findings of fact. *Lutz,* 207 F.Supp.2d at 1251. In conducting its de novo review, the district court considers the factors stated in 18 U.S.C. § 3142(g) pertaining to whether release is appropriate. These include: (1) the nature and circumstances of the offense charged, including whether the offense involves a crime of violence or minor victims; (2) the weight of the evidence against the person; and (3) the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

9. The United States submits the information presented at the detention hearing, and specifically certain aspects of the defendant's history related to reported sexual contact with a minor, the defendant's claim of sharing a minor with another male for sexual purposes, his flight from Kansas after law enforcement contact, his suicide attempt after law enforcement contact, and the presumption of detention in this case establish that the defendant should have been detained pending trial.

Therefore, the United States requests that the Court issue a continued stay of the Magistrate's order denying detention; revoke the Magistrate's order releasing the defendant; and order defendant be detained pending trial.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

s/ Jason W. Hart
JASON W. HART, #20276
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Telephone: (316) 269-6481
Fax: (316) 269-6484
jason.hart2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2013, I electronically filed the foregoing Motion with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the appropriate parties, including David Freund, Attorney for the Defendant.

s/ Jason W. Hart
JASON W. HART, #20276
Assistant U.S. Attorney
